**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMIR J. GOLDSTEIN, | CASE NO. CV 12-2540 ODW (AJWx) |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS [16] |
| THE CBE GROUP, INC. | |
| Defendant. | |

## I. INTRODUCTION

The CBE Group, Inc. moves to dismiss Plaintiff Amir Goldstein's complaint as moot. Defendant argues that on May 11, 2012 it served an Offer of Judgment on Plaintiff in the amount of $2,001, plus reasonable attorneys' fees and costs. The Offer of Judgment lapsed on May 30, 2012, without a timely acceptance by Plaintiff. As a result of Defendant's offer of slightly more than the maximum statutory amount Plaintiff could have been awarded under the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Defendant argues there is no longer any case or controversy. (Mot at 4) ("Thus, Plaintiff's entire Complaint [is] moot and this case should be dismissed.").

Plaintiff contends "Defendant's Rule 68 Offer did not moot Plaintiff's Complaint because Defendant's Rule 68 Offer does not include any provisions to address Plaintiff's claims for actual damages." (Opp'n at 1.)

II. DISCUSSION

When a defendant offers the maximum recovery available to a plaintiff, courts usually hold that the case is moot and "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 266-67 (S.D.N.Y. 2006) (citation omitted). If the offer does not cover all potential relief, however, the case is not moot. *Id.* (citing *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 278 (S.D.N.Y. 2002); *see also Lovelace v. United States*, No. 00 Civ. 1274(LTS), 2001 WL 984686, at *3 (S.D.N.Y. Aug. 27, 2001) (holding case not moot because defendant "fails to provide plaintiff with all to which he would be entitled").

The FDCPA and the Rosenthal Act provide for statutory damages in an amount up to $1000.00 each, actual damages, reasonable costs and attorney's fees. Thus, the "maximum amount that Plaintiff could be awarded in statutory damages is $2,000.00 and that amount is not in dispute." (Opp'n at 9.)

Here, Defendant offered Plaintiff " $2,001, plus reasonable attorneys' fees and costs." (Mot. at 4.) Broken down, the offer seemingly provides $1,000 in statutory damages for FDCPA violations and another $1,000 for Rosenthal Act violations. The remaining $1 is apparently meant to cover Plaintiff's actual damages.

As Plaintiff argues, the amount due to Plaintiff in actual damages is "highly disputed" and "courts have awarded plaintiffs more than $1.00 for actual damages for stress, humiliation, anxiety and aggravation." (Opp'n at 9) ("The maximum recovery available to Plaintiff is not $1.00 and Plaintiff could potentially be awarded more than $1.00 for the actual damages he suffered. Therefore the Defendant's Rule 68 offer was insufficient to satisfy Plaintiff's claims and the case is not moot."). The Court is inclined to agree with Plaintiff; surely Plaintiff *may* be able to recover actual damages exceeding the $1 offered by Defendant.

Defendant argues Plaintiff is precluded from introducing evidence of actual damages because, in his initial disclosures, he "failed to disclose any witnesses, documents, and/or provide any computation relative to Plaintiff's alleged actual damages." (Mot. at 5) ("In his Supplemental Initial Disclosures, Plaintiff continued to fail to disclose any witnesses, documents, and/or provide any computations relative to Plaintiff's alleged actual damages.").

Rather than address each of Defendant's specific objections, the Court finds it sufficient to note that "[w]hile Rule 26 generally requires a party to provide a computation of such [actual] damages, emotional distress damages, because of their vague and unspecific nature, are often times not readily [amenable] to computation . . . Thus, Plaintiff's failure to provide a computation of his emotional damages is excused and Plaintiff is permitted to seek such damages at trial." *Creswell v HCAL, Corp.*, 2007 WL 628036 at *2 (S.D. Cal. Feb.12, 2007); *see also Gonzalez v. Hickman*, 2007 WL 3237635 at *4 (C.D. Cal. June 28, 2007) (finding that no additional information could have been provided in a computation of damages pursuant to Rule 26(a)(1) (C) because losses would be proved primarily through testimony regarding emotional suffering and not through documentary evidence or expert opinion); *Burrel v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex.1997) (finding that no computation of compensatory damages attributable to mental anguish was required under Rule 26(a)(1)(C) because such damages would be determined by the trier of fact).

III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **DENIED**.

**SO ORDERED**

September 17, 2012

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

3